GEORGE HIGHT *versus* WILLIAM D. RIPLEY & *al.*

The statute of frauds does not apply to verbal contracts for the manufacture and delivery of articles.

If the article exist at the time in the condition in which it is to be delivered, it should be regarded as a contract of sale — but if labor and skill are to be applied to existing materials — it is a contract for the manufacture of those articles to which such labor and skill are to be applied — and such contract is not within the statute of frauds.

A contract on the part of the defendants "to furnish as soon as practicable" 1000 or 1200lbs. of malleable hoe shanks, agreeable to patterns left with them — and to furnish a larger amount if required at a diminished price, must be considered as a contract for the manufacture of the articles referred to.

EXCEPTIONS from the District Court, Western District.

This was an action on the case for the recovery of damages for the non-performance of a contract made between the parties, for the delivery of a stipulated quantity of hoe shanks.

To prove the contract, the plaintiff introduced the following memorandum, dated Oct. 31, 1838 : —

"This day contracted with Messrs. Ripley & Spaulding of Norwich, Conn., to furnish me as soon as practicable, from 1000 to 1200lbs. malleable hoe shanks, agreeable to patterns left with them on terms as follows :" There was a further provision, that "if they should immediately receive orders for a larger amount, say 2000lbs. more than heretofore stated, that the whole amount furnished should be charged" at a diminished price. Then follows the place of delivery, price, and time, and mode of payment.

This paper was signed by E. Hayes, as agent for the plaintiff, but the name of the defendants was not affixed thereto.

The plaintiff then read a letter from the defendants to him, dated Dec. 13, 1838, in which they regret that the plaintiff's order was not then ready, and assign as a reason for their delay in executing it, the difficulty they met with in making the pattern, and announce that they have succeeded in overcoming that difficulty, and hope to forward in compliance with his order by the first or second week of January then next ; likewise a bill

of an amount of malleable hoe shanks, dated Jan. 10, 1839, for the amount of $164,33 which they, by letter of that date, advised the plaintiffs they have forwarded and for a portion of which they had drawn on him, payable at the Suffolk Bank, " according to our contract " — and requesting the balance to be paid in hoes as soon as convenient.

The plaintiff likewise offered a draft drawn by the defendants on him dated Jan. 17, 1839, for $100 and a letter of that date in which they advise him of the shipment of hoe shanks and request the acceptance of their draft. The plaintiff refused to accept this draft or to receive the hoe shanks — or to pay any thing on account of them, because they were not made according to the contract.

Upon this evidence Whitman J. before whom the cause was tried, ordered a nonsuit — to which ruling the plaintiff excepted.

*J. Adams,* for the plaintiff. The statute of frauds relates only to contracts for existing articles — not to contracts for the manufacture of goods. 1 Dane's Abr. 652; 1 Dane, 238. A contract for the manufacture of goods is not within this statute. 2 Kent Com. 505; *Mixer* v. *Howarth,* 21 Pick. 205; *Mucklow* v. *Mangles,* 1 Taunt. R. 318. If the contract were required to be in writing, the letters, draft, and bill of parcels, all signed by the defendants, are fully sufficient to bring the case within the statute. *Barstow* v. *Gray,* 3 Greenl. 409; 1 Dane, 237. Letters are a sufficient memorandum to bring a case within this statute, 1 Dane, 240 — 5; *Penniman* v. *Hartshorn,* 13 Mass. R. 87. 1 Com. on Con. 93, 112, 413; *Knight* v. *Crockford,* 1 Esp. R. 189.

*W. P. Fessenden,* for the defendants. The contract is signed only by the plaintiff. The letters of the defendants show no contract whatever. The plaintiff in his declaration shows a contract binding himself alone. St. 1821, c. 53, § 3. Hight refused to accept the hoe shanks sent, and is not therefore within the exception in § 3, " when the purchaser shall accept part of the goods sold," &c. The cases cited in support of the plaintiff's claim are where the workman sues for his labor. Here

the claim is reversed. The purchaser sues the laborer who has signed no contract. *Cabot* v. *Haskins,* 3 Pick. 95.

The opinion of the Court was delivered by

SHEPLEY J. — It may be considered as now settled, that the statute of frauds embraces executory as well as executed contracts for the sale of goods. But it does not prevent persons from contracting verbally for the manufacture and delivery of articles. The only difficulty now remaining is, to decide whether the contract be one for the sale, or for the manufacture and delivery of the article. It may provide for the application of labor to materials already existing partially or wholly in the form designed, and that the article improved by the labor shall be transferred from one party to the other. In such cases there may be difficulty in ascertaining the intentions; and the distinction may be nice, whether it be a contract for sale or for manufacture. The decision in the case of *Towers* v. *Osborne,* 2 Stra. 506, is esteemed to have been correct, while the reasons for it are rejected as erroneous. The chariot bespoken does not appear to have existed at the time, but to have been manufactured to order. In *Garbutt* v. *Watson,* 5 B. & A. 613; the contract was " for the sale of 100 sacks of flour at 50*s.* per sack, to be got ready by the plaintiff to ship to the defendant's order, free on board, at Hull, within three weeks." There was an attempt to exclude it from the statute because the plaintiffs were millers and had not the flour then ground and prepared for delivery. But the contract did not provide, that they should manufacture the flour, they might have purchased it from others, and have fulfilled all its terms. It was decided to be a contract for sale of the flour and within the statute. If the contract be one of sale, it cannot be material, whether the article be then in the possession of the seller, or whether he afterward procure or make it. A contract for the manufacture of an article, differs from a contract of sale in this; the person ordering the article to be made is under no obligation to receive as good or even a better one of the like kind purchased from another and not made

for him. It is the peculiar skill and labor of the other party combined with the materials for which he contracted, and to which he is entitled. Hence it has been said, that if the article exist at the time in the condition in which it is to be delivered, it should be regarded as a contract for sale. In *Crookshank* v. *Bussell*, 18 Johns. 58, the contract was, that the defendant should make the wood work of a wagon for the plaintiff by a certain time; and it was decided not to be a contract for sale. In the case of *Mixer* v. *Howarth*, 21 Pick. 205, the contract was, that the plaintiff should finish for the defendant a buggy, then partly made; and it was decided not to be a contract for sale. The contract in this case provides, that the defendants should " furnish as soon as practicable 1000 or 1200lbs. of malleable hoe shanks agreeable to patterns left with them." They were to be " delivered at their furnace."

There is a provision, that the defendants may " immediately receive orders for a larger amount, say 2000 lbs. more than heretofore stated," and that " the whole amount is (in such case) to be charged at" a diminished price. Taking into consideration all the provisions of the contract, there can be little doubt, that it was the intention of the parties, that the defendants should manufacture the shanks at their furnace agreeably to certain patterns, which had been left with them. There is no evidence in the case tending to prove, that the articles were then existing in the form of the pattern. It may be fairly inferred, that they were not, but were to be made " as soon as practicable." The testimony presented does not then prove a contract for the sale of goods, but rather one for the manufacture of certain articles of a prescribed pattern by order of the plaintiff.

*Nonsuit set aside and new trial granted.*