## ABBOTT *versus* GILCHRIST *&* al.

A contract to furnish an article to be manufactured or prepared in a prescribed manner, is not affected by the statute of frauds.

An *agreement* to procure and deliver at a time and place fixed, a vessel frame, to be hewn and prepared according to certain moulds, is binding, without being in writing.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

ASSUMPSIT to recover half of the contract price of a vessel frame.

The evidence showed a parol contract to deliver the timber for a vessel frame, of which plaintiff was to furnish one half, to be hewn and prepared according to certain moulds.

The timber was delivered according to the contract.

The defence relied upon was the statute of frauds, and the defendant's counsel requested instructions to the jury in the words of that statute. The presiding Judge refused to give them.

A verdict was rendered for plaintiff, and the defendant excepted to such refusal.

*Abbot*, in support of the exceptions, cited 3 Met. 367; 20 Pick. 9 and 344.

*Palmer, contra,* cited 2 Strange, 506; 7 Term R. 14; *Garbutt* v. *Walson,* 5 B. & A. 209; *Tempest* v. *Fitzgerald,* 3 B. & A. 419; 9 B. & C. 443; 1 Rich. S. C. 199; 1 Met. 283; 21 Pick. 205; 19 Maine, 137.

SHEPLEY, C. J. — Whether the requested instructions should have been given, will be determined by ascertaining whether the contract between the parties was within the prohibitions contained in the statute of frauds, c. 136, § 4.

It appears to have been a contract to procure and deliver at a certain time and place, one half of a frame for a vessel, to be hewn and fashioned according to certain moulds.

- The distinction between contracts for the sale of goods, and contracts to furnish articles to be manufactured or prepared in a prescribed manner, was stated in the case of *Hight* v. *Ripley*, 19 Maine, 137.

Contracts of the latter kind are not within the statute; and of this kind the contract between these parties appears to have been.                    *Exceptions overruled.*

TENNEY, HOWARD and HATHAWAY, J. J., concurred.