[No. 13032.     In Bank. — November 19, 1891.]

THOMAS FLYNN, APPELLANT, *v.* W. P. DOUGHERTY, RESPONDENT.

STATUTE OF FRAUDS — CONTRACT FOR STONE-WORK OF A BUILDING. — A contract to cut, furnish, and deliver the stone-work of a building according to the plans and specifications of the architects is not a contract within the statute of frauds, where it appears that if the stone had been cut according to the specifications, and had not been used in the construction of the building, it would not have been available for other purposes, or have been salable in the general market.

ID. — CONTRACT FOR LABOR. — Where the seller is to furnish materials and fashion them according to specifications furnished by the purchaser, or according to some model selected, and when, without the special contract entered into by the parties, the thing furnished would never have been put in the particular shape or condition in which it was furnished, the contract is essentially one for labor, and is not within the statute of frauds.

NONSUIT — STATEMENT OF GROUNDS. — A nonsuit cannot stand unless the ground upon which it is supported was called to the attention of the trial court and the plaintiffs at the time of the making of the motion.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. S. Goodfellow,* and *Jarboe, Harrison & Goodfellow,* for Appellant.

As the contract was for stone-work to be furnished according to specifications, and the stone was not, after being quarried, available for any purpose except that for

which it was specially ordered, the contract was essentially one for labor, and not within the statute of frauds. (Benjamin on Sales, 4th Am. ed., sec. 108; *Cottrell* v. *Apsey*, 6 Taunt. 322; *Tripp* v. *Armitage*, 4 Mees. & W. 687; *Courtright* v. *Stewart*, 19 Barb. 455; *Phipps* v. *McFarlane*, 3 Minn. 109; *Dutch* v. *Mead*, 4 Jones & S. 429; *Low* v. *Andrews*, 1 Story, 42; *Bennett* v. *Nye*, 4 G. Greene, 410; *Crockett* v. *Scribner*, 64 Me. 447; *Cummings* v. *Dennett*, 26 Me. 397; *Mead* v. *Case*, 33 Barb. 202; *Farren* v. *O'Hara*, 62 Barb. 517; *Crookshank* v. *Burrell*, 18 Johns. 58; 9 Am. Dec. 187; *Donovan* v. *Willson*, 26 Barb. 138; *Mixer* v. *Howarth*, 21 Pick. 205; 32 Am. Dec. 256; *Cason* v. *Cheely*, 6 Ga. 554; Civ. Code, secs. 1739, 1740.)

*Charles F. Wilcox*, and *J. R. Patton*, for Respondent.

The contract sued on was one for the sale of goods and chattels, and not of manufacture, and therefore was within the statute of frauds. (*Lee* v. *Griffin*, 1 Best & S. 272; Benjamin on Sales, 6th ed., 119; *Cook* v. *Millard*, 65 N. Y. 352; *Smith* v. *Cent. R. R. Co.*, 4 Keyes, 180; *Downs* v. *Ross*, 23 Wend. 270; *Brown* v. *Sanborn*, 21 Minn. 402; *Prescott* v. *Locke*, 51 N. H. 94; 12 Am. Rep. 55; *Wolfenden* v. *Wilson*, 33 U. C. Q. B. 442.)

PATERSON, J. — The only question involved in this appeal is, whether the contract of the plaintiff, "to cut, furnish, and deliver" to defendant "the stone-work of the asylum to be built at Agnew Station, according to the plans and specifications of Mr. Jacob Leuzen and Son, architects," is within the statute of frauds. (Civ. Code, sec. 1739.)  There is no doubt that it is within the provisions of the statute, unless excepted therefrom by section 1740 of the Civil Code, which is as follows: " An agreement to manufacture a thing, from materials furnished by the manufacturer or by another person, is not within the provisions of the last section."

The plaintiff testified that "if the stone had been cut according to his bid and the specifications, and had not been used in the construction of the asylum, it would

not have been available for other purposes, or have been salable in the general market."

On the subject of contracts of sale and contracts for labor, there is much conflict of decision; but the weight of authority in this country supports the proposition, that where the seller is to furnish materials, and fashion them according tc specifications furnished by the purchaser, or according to some model selected, and when, without the special contract entered into by the parties, the thing furnished would never have been put in the particular shape or condition in which it was furnished, then the contract is essentially one for labor, and is not within the statute of frauds. The subject is carefully treated and the authorities fully reviewed in 1 Reed on Statute of Frauds, c. 9.

The evidence in the case before us shows that the work which was to be performed by the plaintiff would have left the material unfit for the general market. The contract is one for *labor;* work and labor were the main things. The material upon which the work and labor were to be done was simply the incident. The stone to be furnished was of no value to the defendant until shaped and carved according to the plans and specifications of the architect. Upon the authorities referred to above, we think the court erred in granting the defendant's motion for a nonsuit.

The only grounds stated by the defendant in his motion for a nonsuit were, that the contract was one for the sale of goods and chattels, " and that there was no note or memorandum thereof signed by the defendants, nor any acceptance or receipt of the goods, or any part thereof, nor any payment of purchase-money, or any part thereof, as required by the provisions of section 1624, subdivision 4, of the Civil Code; and on the further ground that plaintiff has failed to show that he has sustained any damage in any sum whatever." The rule is well settled here that a nonsuit cannot stand unless the ground upon which it is supported was called to the

attention of the court and the plaintiffs at the time the motion was made.

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN, J., DE HAVEN, J., GAROUTTE, J., McFAR-LAND, J., and BEATTY, C. J., concurred.

Mr. Justice Harrison, being disqualified, did not participate in the foregoing opinion.