Argued January 28; decided February 24, 1896.

## HIENTZ *v.* BURKHARD.
[43 Pac. 866; 31 L. R. A. 608.]

STATUTE OF FRAUDS*— CONTRACT TO MAKE AFTER SPECIAL DESIGNS— CODE, ? 785, SUBDIVISION 5.— An oral contract to manufacture iron work for a certain building according to special designs and measurements, suitable for use only in that particular building, and not used in the ordinary course of business or made for the general trade, is not "an agreement for the sale of personal property," under section 785, subdivision 5, Hill's Code.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This action was brought by A. R. Heintz and Company against Joseph Burkhard to recover dam-

ages for the breach of a contract to furnish the iron work for defendant's building, and comes here on an appeal from a judgment of nonsuit. For the purposes of this appeal it is sufficient to say that the evidence tended to show that in August, eighteen hundred and ninety-four, the plaintiff and defendant entered into an oral contract, by the terms of which Heintz was to manufacture and furnish to Burkhard the iron work for a brick building about to be erected by him, according to certain plans and specifications, for the sum of twenty-eight hundred and twewty-five dollars, but that defendant subsequently, and before any work was performed, wrongfully refused to allow plaintiff to proceed with the execution of his contract. The iron work referred to was not to be of the kind manufactured by the plaintiff in the usual course of business, or for the trade, but of special designs and measurements, suitable only for use in the construction of defendant's building. The court below ruled that the contract was " an agreement for the sale of personal property" within the meaning of subdivision 5, section 785 of Hill's Code, and void because not in writing, and this ruling presents the only question to be determined on this appeal.

REVERSED.

For appellant there was an oral argument and a brief by *Mr. William T. Muir* to this effect:

An agreement to manufacture and furnish materials, according to certain specifications, is not within the statute of frauds, when, without the special con-

tract, the articles to be manufactured and furnished thereunder would not have been manufactured at all, or would not have been manufactured in the particular manner, shape, or condition provided for in such contract. Such a contract is essentially one for special skill, labor, or workmanship, and need not be in writing: *Towers* v. *Osborne*, 1 Strange, 506; *Meincke* v. *Falk*, 55 Wis. 427 (42 Am. Rep. 772); *Finney* v. *Apgar*, 31 N. J. Law, 266; *Phipps* v. *McFarlane*, 3 Minn. 109 (74 Am. Dec. 743); *Hight* v. *Ripley*, 19 Me. 137; *Crookshank* v. *Burrell*, 18 Johns. 58 (9 Am. Dec. 187); *Sewall* v. *Fitch*, 8 Cow. 215; *Eichelberger* v. *McCauley*, 5 Harr. and J. 213 (9 Am. Dec. 514); *Rentch* v. *Long*, 27 Md. 188; *Spencer* v. *Cone*, 1 Metc. 283; *Mixer* v. *Howarth*, 21 Pick. 205 (32 Am. Dec. 256); *Parsons* v. *Lucks*, 48 N. Y. 17 (8 Am. Rep. 517); *Allen* v. *Jarvis*, 20 Conn. 38; *Pratt* v. *Miller*, 109 Mo. 78; *Cason* v. *Cheely*, 6 Ga. 554; *Edwards* v. *Grand Trunk Railway Company*, 48 Me. 379; *Bird* v. *Muhlinbrink*, 1 Rich. L. 199; *O'Neil* v. *New York and S. P. Mining Company*, 3 Nev. 146; *Abbot* v. *Gilchrist*, 38 Me. 260; *Mead* v. *Case*, 33 Barb. 202; *Bagby* v. *Walker*, 78 Md. 239; *Turner* v. *Mason*, 65 Mich. 662; *Vulicevich* v. *Skinner*, 77 Cal. 239; Browne on Statute of Frauds, § 307. *Lee* v. *Griffin*, 1 Best and Smith, 272, is based on the amended statute called Lord Tenterden's Act, 9 George IV.

The intimation of our court is, however, in accord with the decisions above cited: *Galvin* v. *MacKenzie*, 21 Or. 184.

Defendant was bound to execute the written agreement, failing which an action would lie because

of such refusal: *Pratt* v. *Hudson River Railway Company*, 21 N. Y. 305.

For respondent there was an oral argument by *Mr. Jarvis V. Beach*, with a brief by *Messrs. Paxton and Beach* to this effect:

An agreement, the result of which, when carried out, is the sale and transfer of personal property from one person to another for a price not less than fifty dollars, is a contract within the statute of frauds, and therefore void, unless in writing signed by the parties to be charged. This is especially true where the essential consideration of the purchase is the product itself rather than the work or labor to be performed thereon: *Lee* v. *Griffin*, 1 Best and Smith, 272; *Smith* v. *Surman*, 9 Barn. and C. 568; *Garbutt* v. *Watson*, 5 Barn. and Ald. 614; *Atkinson* v. *Bell*, 8 Barn. and C. 280; *Cooke* v. *Millard*, 65 N. Y. 352 (22 Am. Rep. 619); *Prescott* v. *Locke*, 51 N. H. 94 (12 Am. Rep. 55); *Brown* v. *Sanborn*, 21 Minn. 402; *Russell* v. *Wisconsin M. and P. Railway Company*, 39 Minn. 145; *Atwater* v. *Hough*, 29 Conn. 508 (79 Am. Dec. 229); *Pratt* v. *Miller*, 109 Mo. 78; *Clark* v. *Nichols*, 107 Mass. 547; *Waterman* v. *Meigs*, 4 Cush. 499; *Gardner* v. *Joy*, 9 Metc. 179; *Finney* v. *Apgar*, 31 N. J. Law, 270; *Pawelski* v. *Hargreaves*, 47 N. J. Law, 337 (54 Am. Rep. 162); *Edwards* v. *Grand Trunk Railway Company*, 48 Me. 380; *Edwards* v. *Grand Trunk Railway Company*, 54 Me. 110; *Galvin* v. *MacKenzie*, 21 Or. 184; Browne on Statute of Frauds (4th ed.), § 308*a*; 2 Benjamin on Sales (Rev. ed.), 121; *Gorham* v. *Fisher*, 30 Vt. 428.

Opinion by MR. CHIEF JUSTICE BEAN.

To determine whether a given contract concerning personal property, which does not exist in specie at the time it is entered into, but must be manufactured and brought into being under the contract, comes within the statute of frauds, is not without difficulty, and the decisions are by no means reconcilable. The chief difficulty in all such cases is encountered in determining when the contract is substantially for the sale of personal property to be executed in the future, and when for work and labor and material only. If the former, it is within the statute; if the latter, it is not. Thus far the authorities, except in the state of New York, are substantially agreed; but there have been numerous decisions and much diversity and even conflict of opinion in relation to a proper rule by which to determine whether a contract is in fact for the sale of personal property, and therefore within the statute, or for work and labor and material furnished, and so without the statute. There appear to be substantially three distinct views upon the statute, which, for convenience, are generally designated as the English, the New York, and the Massachusetts rules, as represented by the decisions of their respective courts. In England, after a long series of cases in which various tests have been suggested, the rule seems to have been settled in *Lee* v. *Griffin*, 1 Best and Smith, 272, that "If the contract be such that, when carried out, it would result in the sale of a chattel, the party cannot sue for work and

labor; but, if the result of the contract is that the party has done work and labor which ends in nothing that can become the subject of a sale, the party cannot sue for goods sold and delivered." In that case the action was brought by a dentist to recover twenty-one pounds for two sets of artificial teeth made for the defendant's testatrix. The court held the contract to be for the sale of chattels, and within the statute. But this decision seems to stand alone, and is in direct conflict with the previous decisions of the English courts: *Towers* v. *Osborne*, 1 Strange, 506; *Clayton* v. *Andrews*, 4 Burr, 2101; *Rondeau* v. *Wyatt*, 2 H. B. 163; *Cooper* v. *Ellston*, 7 Term, 14; *Groves* v. *Buck*, 3 Maul. and Sel. 178; *Garbutt* v. *Watson*, 5 Barn. and Ald. 613; *Smith* v. *Surman*, 9 Barn. and C. 574. It is said to have been the result of Lord Tenterden's Act, which expressly extended the statute to all contracts of sale, notwithstanding the goods "may not at the time of such contract be actually made, procured or produced or fit or ready for delivery, or some act may be required for the making or completing thereof to render the same fit for delivery": *Meincke* v. *Falk*, 55 Wis. 432 (42 Am. Rep. 722, 13 N. W. 545); Benjamin on Sales (6th ed.), 108. In this condition of the English authorities, we are not prepared to go to the full extent of *Lee* v. *Griffin*. It is an extreme case, and, unless the decision was made to conform to Lord Tenterden's Act, it antagonizes the opinions of some of the most eminent jurists of England, and is open to the objection that it practically permits the fraud which theoretically the statute seeks to

prevent. To say that a contract of a dentist to manufacture and furnish a set of false teeth for his customer is "an agreement for the sale of personal property" within the meaning of the statute, is certainly giving it the widest possible operation, and has not found general recognition in this country as a correct exposition of the doctrine, although the simplicity of the rule has commended it to many of the judges.

In New York the rule prevails that a contract concerning personal property not existing *in solido* at the time of the contract, but which the vendor is to manufacture or put in condition for delivery, such as the woodwork for a wagon, or wheat not yet threshed, or nails to be made from iron belonging to the manufacturer, and the like, is not within the statute: *Crookshank* v. *Burrell*, 18 Johns. 58 (9 Am. Dec. 187); *Downs* v. *Ross*, 23 Wend. 270; *Sewall* v. *Fitch*, 8 Cow. 215: *Parsons* v. *Loucks*, 48 N. Y. 17 (8 Am. Rep. 517); *Cooke* v. *Millard*, 65 N. Y. 352 (22 Am. Rep. 619); *Higgins* v. *Murray*, 73 N. Y. 252. But this rule seems to be peculiar to that state.

By the Massachusetts rule the test is not the existence or nonexistence of the commodity at the time of the contract, as in New York, or whether the contract will ultimately result in the transfer of the title of a chattel from the vendor to the vendee, as in England, but whether the article is such as the manufacturer ordinarily produces in the course of business, and for the trade, or as the result of a special order and for special purposes. If the

former, it is regarded as a contract of sale, and within the statute; if the latter, it is held to be essentially a contract for labor and material, and therefore not within the statute. Thus, it is held that an agreement to build a carriage of a certain design is not within the statute *(Mixer* v. *Howarth,* 21 Pick. 205, 32 Am. Dec. 256), but that a contract to buy a certain number of boxes of candles at a fixed price, which the vendor said he would thereafter finish and deliver, is a contract of sale to which the statute applies: *Gardner* v. *Joy,* 9 Metc. (Mass.), 177. The result of the decisions in that state has recently been stated thus: "A contract for the sale of articles then existing, or such as the vendor in the ordinary course of his business manufactures or procures for the general market, whether on hand at the time or not, is a contract for the sale of goods to which the statute applies. But, on the other hand, if the goods are to be manufactured especially for the purchaser, and upon his special order, and not for the general market, the case is not within the statute": AMES, J., in *Goddard* v. *Binney,* 115 Mass. 450 (15 Am. Rep. 112). And this doctrine seems to be the one most widely adopted in this country. As to the latter part of the rule, relating to goods made on special orders, there is little if any conflict in the American cases: Baker on Sales, § 96; 2 Schouler on Personal Property, § 443; Browne on Statute of Frauds, § 308; 8 Am. and Eng. Ency. Law, 707; *Flynn* v. *Dougherty,* 91 Cal. 669 (27 Pac. 1080); *Meincke* v. *Falk,* 55 Wis. 427 (42 Am. Rep. 722, 13 N. W. 545); *Finney*

v. *Apgar*, 31 N. J. Law, 266; *Phipps* v. *McFarlane*, 3 Minn. 109 (74 Am. Dec. 743); *Hight* v. *Ripley*, 19 Me. 137; *Cason* v. *Cheely*, 6 Ga. 554; *Abbott* v. *Gilchrist*, 38 Me. 260.

Until legislation shall assert itself more positively the courts are put to their election as between these three rules, which, though each has its own merits, are not to be reconciled with one another. In the absence of a statute substantially the same as Lord Tenterden's Act, we are unwilling to go to the extent of the doctrine of *Lee* v. *Griffin*, and in this case it is unnecessary for us to give a preference to either the New York or Massachusetts rule, because the contract in question is valid under either. It would be excluded from the operation of the statute by the rule adopted in New York, because the subject matter of the contract did not exist *in solido*, or at all, at the time it was made; and it is not within the statute under the Massachusetts rule and the generally accepted American doctrine, because the ironwork was to be manufactured especially for the defendant, and upon his special order, according to a particular design, and was not such as the plaintiffs in the ordinary course of their business manufactured for the general trade. It follows that under either view the court below was in error in holding that the contract was void because not in writing. The judgment must therefore be reversed, and a new trial ordered.                           REVERSED.