### E. P. BROWN *vs.* F. A. SANBORN.

April 1, 1875.

Statute of Frauds—Contract for Sale of Flax Straw to be raised.—An agreement to purchase, at five dollars per ton, the flax straw to be raised from forty-five bushels of flax seed, it appearing that the amount raised was from twenty to fifty tons, is within the 7th section of our Statute of Frauds, as a "contract for the sale of * * * goods, chattels or things in action, for the price of fifty dollars or more."

Same—Parol Modification of Memorandum of Sale.—No part of the purchase money upon such sale having been paid, nor any part of the straw accepted and received, it is incompetent to show that the written evidence of the sale required by the statute has been modified by parol.

Appeal by plaintiff from an order of the district court for Olmsted county, *Mitchell*, J., presiding, granting a new trial.

*C. T. Benedict*, for appellant.

*Lloyd Barber*, for respondent.

BERRY, J.   Defendant, in writing, agreed to purchase of plaintiff, at five dollars per ton, the flax straw to be raised from forty-five bushels of flax seed, "the straw to be delivered in a dry condition, and to be free from grass, weeds, and all foreign substances."   It appearing that there were from twenty to fifty tons of the straw, the agreement was within the seventh section of our Statute of Frauds, ch. 41,

Gen. Stat., since it was a " contract for the sale of  \*  \* goods, chattels, or things in action, for the price of fifty dollars, or more." It was essentially a contract for the straw, and not, as contended by plaintiff, for labor or skill in producing the straw. Browne on Stat. of Frauds, §§ 308, 312 ; Benjamin on Sales, (2d Ed.,) 99 ; *Watts* v. *Friend*, 10 B. & C. 446 ; *Evans* v. *Roberts*, 5 B. & C. 829 ; *Sainsbury* v. *Matthews*, 4 M. & W. 343 ; *Jones* v. *Flint*, 10 Ad. & El. 753 ; 1 Chit. Cont., (11th Am. Ed.,) 417. No part of the purchase money having been paid, nor any part of the straw accepted and received by the defendant, the contract was, by the terms of the statute cited, void, unless a note or memorandum thereof was made in writing, and subscribed by the party to be charged therewith.

The plaintiff claimed that subsequently to the making of the contract above mentioned, defendant, by parol, agreed to a modification of the same, by waiving the provision or condition that the straw must be free from weeds, and agreeing to receive the same under the contract, notwithstanding its weedy condition ; and he was permitted to prove the parol agreement, defendant objecting. As the effect of admitting the evidence was to allow the plaintiff to prove, by parol, a contract which, to be valid, must be in writing, its admission was erroneous, and entitled the defendant to the new trial granted by the court below.

Order granting new trial affirmed.