## SLOAN SAW MILL AND LUMBER CO. v. GUTTSHALL.

1. A plea in bar must deny, or confess and avoid the allegations in the declaration. A plea which amounts merely to the general issue is bad on demurrer.

2. It is not ground for reversal where special pleas have been improperly stricken out, if from an inspection of the whole record it appears that the defendant has been permitted to litigate all that he alleged in such special pleas.

3. The best evidence of which the case in its nature is susceptible must be produced.

4. The presumption is that the judgment of the district court is proper, and the onus is upon the plaintiff in error to show the contrary.

5. The right to re-examine a witness extends only to the same matters upon which he was cross-examined.

6. A part performance of a verbal contract by delivery by the vendor, and part payment by the vendee, will take the case out of the statute of frauds.

*Appeal from the District Court of Arapahoe County.*

ASSUMPSIT. To the declaration, which is substantially set forth in the opinion of the court, the defendant filed six pleas: First, the general issue; second, payment; third, set-off. The fourth, fifth and sixth pleas were in substance as follows:

4th. Failure and refusal on part of plaintiff to deliver to the defendant at the place mentioned, or at any place, said lumber, as the same should average, without selection or separation; said plea avers that said lumber was separated, and the clear lumber culled out by plaintiff, and the common lumber tendered to defendant, and that the plaintiff failed to tender the clear lumber to the defendant.

5th. Failure on part of plaintiff to furnish said lumber to defendant at the time and place mentioned in the *narr.* ; that said lumber was not furnished as fast as sawed, and defendant was forced to purchase lumber elsewhere, to its loss, etc.; that plaintiff sold the lumber bargained to be delivered to defendant, to others, contrary to the terms of said contract.

6th. That in consideration that defendant would purchase four hundred thousand feet of lumber of plaintiff, he, plaintiff, would guarantee said lumber would average thirty-five per cent of clear or flooring lumber, and that no lot of said lumber, so to be delivered, should average less than twenty-five per cent of clear lumber; that at, and after the time said contract was entered into, clear or flooring lumber was in great demand; that no lot of lumber so delivered or tendered by plaintiff averaged to exceed ten per cent of clear or flooring lumber.

The plaintiff demurred to the fourth, fifth and sixth pleas, alleging that said fourth, fifth and sixth pleas, so pleaded, were "only a partial defense, and were otherwise informal and uncertain." The demurrer to the fourth and fifth

pleas was sustained because those pleas amounted to the general issue, merely, and to the sixth plea because the matters stated in that plea were insufficient in bar of the action. This ruling is assigned as error. The defendant asked that the following instructions be given to the jury, but they were refused by the court, and the refusal is also assigned as error :

"If the jury believe, from the evidence, that the plaintiff sold and delivered lumber to the defendant, the plaintiff is entitled to recover for the reasonable market value of the same at the time it was delivered, and if they further believe that the defendant paid to plaintiff, at various times, moneys aggregating a sum of money equal to or greater than the reasonable market value of the lumber sold and delivered, they will find for the defendant."

"The court instructs the jury that they must disregard and exclude from their consideration all evidence concerning the alleged contract between plaintiff and defendant, by which plaintiff was to sell and defendant to buy four hundred thousand feet of lumber at the price of fourteen dollars per thousand feet ; and the court further instructs the jury that the plaintiff cannot recover upon such alleged contract."

The jury rendered a verdict in favor of the appellee for $1,044.90, for which sum judgment was entered.

Messrs. SAYRE, WRIGHT & BUTLER, for appellant.

Mr. CHARLES S. THOMAS, and Mr. THOMAS M. PATTERSON, for appellee.

A. W. STONE, J. This was an action of assumpsit brought by the appellee against the appellant.

The declaration alleges that on the 1st day of May, A. D. 1873, the defendant bargained for and bought of the plaintiff four hundred thousand feet of lumber to be sawed by plaintiff and sold to defendant, as the same should average, without separating the clear from the common lumber, at fourteen dollars per thousand ; lumber to be delivered as

fast as sawed at saw-mill of plaintiff, in El Paso county; to be paid for by the thousand feet as fast as delivered; that plaintiff promised to accept said lumber as aforesaid.

That plaintiff delivered between the 1st of May, and the 28th of July, of said year, at the saw-mill and yard of plaintiff, two hundred and seventy-four thousand feet of said lumber which defendant accepted, but refused to pay for the same.

And that between July 28th and August 4th of said year, plaintiff tendered at said mill the balance of said lumber and requested the defendant to accept it which he refused to do; and that he had been deprived of the benefit of the sale, and was compelled to resell the balance of said lumber on the 8th day of August of said year for a less sum of money, to wit: Two dollars per thousand feet less; and the defendant, although requested to pay said deficiency, being two hundred and fifty-six dollars, refuses to pay it, or any part of the same.

The common counts for goods, wares and merchandise sold and delivered, money lent, money had and received, and for interest, are also contained in the plaintiff's declaration.

Upon the trial the jury found a verdict for the plaintiff, and assessed his damages at $1,044.90. A motion for a new trial was made and refused.

And the first error assigned is in sustaining the demurrer to the fourth, fifth and sixth pleas of the defendant. The demurrer was properly sustained.

The fourth and fifth pleas amount to the general issue, and the sixth plea is not a substantial and conclusive answer to the action. It does not deny the averments in the declaration, nor does it admit them to be true and allege new facts which obviate or repel their legal effect. It has none of the requirements of a good plea in bar.

But admitting that the pleas were improperly stricken out, it is evident from the inspection of the whole record that no harm resulted to the defendant therefrom; he was permitted

to prove all that he alleged in his special pleas which were stricken out, and the supreme court of the United States has held that when a plea has been improperly stricken out but no harm resulted therefrom, it is not cause for reversing the judgment. *Grand Chute* v. *Winegar*, 15 Wall. 355; *Chambers County* v. *Clews*, 21 id. 317.

The second, third, fourth and fifth errors assigned relate to the admitting of certain evidence offered by the plaintiff.

It is objected that the evidence is irrelevant, immaterial, and incompetent. The relevancy, materiality and competency of evidence depends upon its correspondence with the allegations and points in issue, and is admissible if it bears upon or tends to prove the substance of the issue, or constitutes a link in the chain of proof. Applying the rule to the evidence received, we are of opinion that it was relevant, material and competent, and properly admitted.

It is objected that the conversation witness Rice had with Donnellan was improperly admitted because it is not shown that Donnellan knew that witness had any power to act for the plaintiff, and there is nothing to show that Donnellan had any authority to bind the defendant. Rice is asked to give the conversation he had with Donnellan. Whether Rice was acting for plaintiff or not, or had authority to act or not, is wholly immaterial. It was proper for him to relate a conversation with Donnellan if Donnellan was the agent of the defendant and had authority to act for it. That he did have such authority clearly appears from Donnellan's own testimony subsequently given in the case.

It is not necessary that the relevancy or competency of testimony should appear at the time when it is offered. It is in the discretion of the court, and if rendered material by other evidence, it will stand; if not, it is to be ruled out.

Donnellan, a witness for defendant, in his examination stated "he had been about three years in the lumber business, and only knew the average per centage of clear and flooring mill run by the assurance of mill men." He is asked to state what it is. This was objected to, and the

objection sustained, and this is alleged as error.   The rule is that the best evidence of which the case in its nature is susceptible shall be produced.   Clearly what mill men had told witness was not the best evidence.   The mill men could have been produced.   The ruling of the court was right.

The same witness stated he "had a conversation in reference to the grade and amount of lumber he received."   He is asked what that conversation was.   It does not appear with whom he had that conversation, whether with the plaintiff, defendant, or some outside party, and that not appearing, it will be presumed that it was properly rejected by the court.   The presumption is that the judgment of the district court was proper, and it lies on the plaintiff in error to show the contrary.   13 Peters, 447.

The witness Lockhard is asked upon his re-examination to state if he knows the amount, the sum total of the bill Mr. Guttshall was owing, if any thing, to the defendant, for lumber sold and delivered to him.   He stated he could not remember what the balance was, the books would show. He is then asked what the balance was.   To this an objection was made and sustained.

The right to re-examine extends only to the same matter upon which he was cross-examined, and all questions which may be proper to draw forth an explanation of the sense and meaning of the expressions used by the witness on cross-examination, if they be doubtful, and also the motive by which the witness was induced to use those expressions, but counsel examining has no right to introduce new matter. 1 Greenl. Ev., § 467.

The question asked was as to new matter, not elicited by the cross-examination, and was properly rejected.

The next error assigned is the refusal of the court to permit the witness to answer the question, "If I should enumerate the figures, could you tell?· Was not the amount that you received 267,347 feet?"   The answer to the question was properly rejected.   The question was clearly leading.

The only question remaining to be considered is whether

the contract was obligatory upon the defendant within the statute of frauds, or as being a case not reached by the statute.

The plaintiff in error insists that the plaintiff below was only entitled to recover for the reasonable market value of the lumber delivered to the defendant at the time of delivery, deducting therefrom the amount paid; that the contract alleged should be wholly disregarded, being within the statute of frauds and void.

Instructions were asked to this effect, and the refusal of the court to give them is assigned as error.

The view we take of the case renders it unnecessary to examine and determine the vexed question whether in a contract like the one presented in this record the statute applies or not.

The distinction between contracts for an article to be entirely manufactured, and an article already existing, but to be fitted for delivery by the application of work and labor, has received different constructions by the courts in this country and England, and by the courts in the different States of the Union.

In many recent authorities it has been held that when the purchase is of articles, such as the vendor regularly manufactures from time to time, and has for sale in the ordinary course of his business, the contract is held to be within the statute, but if he manufactures to order, out of materials in his possession, it is not within the statute.

The evidence in this case we think clearly shows a contract, and a part performance of it, by the delivery by the vendor, the acceptance and payment of a part of the lumber by the vendee. That the acceptance and receipt of some part of the thing sold will take the case out of the statute is now well settled, if any doubt ever existed upon the subject, and that the acceptance and receipt may take place subsequent to the making of the verbal agreement.

If the verbal contract is proved, and a delivery in pursuance of it, the requisites of the statute are fulfilled. Brown

on Statute of Frauds, §§ 322–337, and cases cited; *Chapman* v. *Rogers*, 1 East, 192 ; 1 Parsons on Contracts, 51.

The judgment is

*Affirmed.*