## BABCOCK v. MEEK.

1. **Evidence**: PLEADING: STATUTE OF FRAUDS. A parol contract which is within the statute of frauds may be established if not denied in the pleadings or if admitted by the party against whom it is sought to be enforced, but in such case the petition should state the manner in which it is expected that the contract will be proved, otherwise it will be subject to demurrer.

*Appeal from Washington District Court.*

MONDAY, DECEMBER 11.

THE petition, in substance, alleges that on the 16th day of February, 1876, plaintiff contracted with defendant, by parol, to purchase of him seventeen head of fat cattle, then on the defendant's farm in Washington county, for the sum of five hundred dollars; that defendant was to drive the cattle to the town of Washington and deliver them to the plaintiff; that he failed to drive the cattle to the place agreed upon, and by writing notified plaintiff that he would not deliver them. Plaintiff claims damages in the sum of two hundred and fifty dollars.

The defendant demurred upon the ground that the petition seeks to recover on a parol contract for sale of personal property, when no part of the property was delivered, and no part of the purchase money was paid.

The court sustained the demurrer, and, plaintiff failing to amend, rendered judgment against him for the costs. Plaintiff appeals.

*A. H. Patterson & Son*, for appellant.

*McJunkin, Henderson & Jones*, for appellee.

DAY, J.—Section 3663 of the Code provides that: "Except when otherwise specially provided, no evidence of the con-

1. EVIDENCE: pleading: statute of frauds.

tracts enumerated in the next succeeding section is competent, unless it be in writing, and signed by the party charged or by his lawfully authorized

agent." It is conceded that the contract in question falls within the first subdivision of section 3664.

Sections 3666 and 3667 of the Code are as follows: "The above regulations, relating merely to the proof of contracts, do not prevent the enforcement of those which are not denied in the pleadings, unless in cases where the contract is sought to be enforced, or damages to be recovered for a breach thereof, against some person other than him who made it. Nothing in the above provisions shall prevent the party himself against whom the unwritten contract is sought to be enforced from being called as a witness by the opposite party, nor his oral testimony from being evidence."

Appellant insists that, under these provisions, the only course left for a party, against whom any of the enumerated unwritten contracts is sought to be enforced, is to deny the making of it, leaving the other party to prove it by the testimony of his adversary, if he can do so. But this position ignores section 2648 of the Code, which provides that the defendant may demur to the petition when it appears on its face that the claim is barred by the statute of limitations, or fails to show it to be in writing, when it should be so evidenced.

The only way in which effect can be given to all these provisions of the statute is to require a party seeking to recover upon a parol contract, relating to any of the subjects embraced in section 3664 of the Code, to state in his petition that he relies for proof of his claim upon the testimony of the defendant, or some equivalent averment.

For a full discussion of this subject arising under an analogous provision respecting the statute of limitations, see *Newfield v. Blawn*, 16 Iowa, 297.

The judgment of the court below is

AFFIRMED.