ELIZA A. BURDEN *et al.*, Executors, Appellees, v.
W. C. KNIGHT, Appellant.

1. **Statute of Frauds:** PLEADING. A party claiming under a contract within the statute of frauds must aver facts sufficient to take it out of the provisions of the statute, or the pleading will be vulnerable to a demurrer.

2. ——: LEASE OF LANDS: PERFORMANCE. In an action of forcible entry and detainer for the possession of certain farm lands the defendant claimed to hold said lands under a verbal lease for three years for which he was to pay an annual rental in a sum named, and seed a certain twenty acres in grass. *Held*, that part performance of the terms of said lease by the defendant was not sufficient to take it out of the statute of frauds.

3. **Tenancy at Will:** HOLDING OVER AFTER EXPIRATION OF LEASE. A tenant of lands who continues in possession of the leased premises contrary to the terms of his lease, and without the consent of his lessor, is not a tenant at will, and is not entitled to thirty days' notice to quit.

*Appeal from Butler District Court.*—HON. J. C. SHERWIN, Judge.

SATURDAY, MAY 23, 1891.

THIS is an action for the possession of a farm. It was commenced and tried before a justice of the peace, and there was a judgment for the defendant. The plaintiffs appealed to the district court, where a trial was had, which resulted in a judgment for the plaintiffs. The defendant appeals.—*Affirmed.*

*Hemenway & Grundy* and *Frank Lingenfelder*, for appellant.

*Ellis & Ellis*, for appellees.

ROTHROCK, J.—I. It is conceded that the defendant was in possession of the farm as a tenant under a

1. STATUTE of frauds: pleading.

written lease for one year from the first day of December, 1887. It is claimed by the plaintiffs that the lease was extended

for one year by a verbal agreement, and that this extension of the lease expired on the first day of December, 1889, and that the defendant wrongfully held over after that time, and notice to quit the premises and deliver the possession was served on the defendant on the eleventh day of that month. The action was commenced on the thirtieth day of the same month. The defendant filed an answer before the justice of the peace, the third count of which is as follows :

"For further answer and defense, defendant avers that on the twenty-sixth day of September, 1888, the defendant and said George Burden entered into a verbal agreement, by the terms of which defendant leased said land for the term of three years from December 1, 1888, for rent of one hundred and seventy-five dollars per year, payable one-half October 1, and one-half December 1, of each year ; and in addition to paying said yearly rent, and as a consideration for said three years' lease, defendant was to seed down certain land that had been cultivated, and was not good for corn and oats, being about twenty acres. That said seeding was to be done in the spring of 1889. That he has fully performed said agreement in every respect and has seeded down and got into grass said land, and that the consideration for said seeding was that defendant was to have the lease thereof for three years, as herein stated. It was further agreed between said parties that, if said land was sold by said Burden during the three years' term, defendant was to surrender possession of the premises the December following the sale thereof, and said Burden was to pay defendant for such seeding. That neither said Burden nor his representatives have sold said land, nor have they paid for such seeding. That on the first day of December, 1888, defendant did take possession of said leased land under said verbal lease, and has held the same thereunder ever since, and now holds the same and possession of the same under and by virtue thereof."

The plaintiffs replied to the answer by a general denial. After the cause was appealed to the district

court, the reply was withdrawn, and the plaintiffs demurred to the third count of the answer upon the ground that the same alleged a verbal agreement for the lease of the land for a longer period than one year, and that said agreement is within the statute of frauds. The demurrer was sustained. The cause was tried to a jury. The plaintiffs introduced evidence tending to show that the lease was extended by a verbal agreement for one year, and the defendant introduced evidence tending to show that the extension was for three years. All of the defendant's evidence on this question was stricken out upon motion of the plaintiffs, and the jury was instructed to return a verdict for the plaintiffs.

Section 3663 of the Code provides that, "except when otherwise especially provided, no evidence of the contracts enumerated in the next succeeding section is competent, unless it be in writing and signed by the party charged, or by his lawfully authorized agent." It is conceded that a verbal lease for more than one year is within the provisions of the next section. It is claimed in behalf of the appellant that the demurrer should have been overruled, because by demurring the plaintiffs admitted the averments of the answer, and it is provided in sections 3366 and 3367 of the Code that contracts within the statute may be enforced when orally made, if admitted in the pleadings or proven by the testimony of the party defendant. We think this is a mistaken view of the issue raised by a demurrer. It is useless to discuss this question. In the case of *Babcock v. Meek*, 45 Iowa, 137, it is held that a party claiming under a contract, within the statute of frauds, should aver facts necessary to take it out of the statute, or the pleading will be vulnerable to a demurrer. That case has been followed and adhered to as a rule of practice in the trial courts, and we discover no reason for overruling it.

II. It is claimed that the case is taken out of the statute because the answer sets up, and the evidence

2 ——: lease of lands: perform-ance. showed, that the defendant had seeded about twenty acres in grass, which was part payment of the rent for three years. It was held in *Thorp v. Bradley*, 75 Iowa, 50, that part performance of an oral lease within the statute of frauds is not sufficient to take it out of the statute. *Hunt v. Coe*, 15 Iowa, 197. This point needs no further consideration.

III. It is contended that even if the demurrer was properly sustained, and the evidence of the verbal lease for three years rightly withdrawn from the jury, it was error to direct a verdict for the plaintiffs, because, under the other evidence in the case, the jury would have been warranted in finding that the defendant was in possession as tenant at will, and that, as thirty days' notice to quit was not given, he could not be ousted from the possession. We do not think this position is well taken. It is plainly shown by the pleadings and the evidence that the defendant was not a tenant at will. He was either a tenant for one year, as claimed by the plaintiffs, or for three years, as claimed by the defendant. There was no evidence upon which to base a finding that the tenancy was at will.

3. TENANCY at will: holding over after expiration of lease.

The judgment of the district court will be AFFIRMED.