L. J. MIGHELL, Appellee, v. JOHN DOUGHERTY, Appellant.

1. **Evidence**: ERROR CURED BY INSTRUCTIONS TO JURY. Where a jury were instructed not to give any consideration to a particular count named in the plaintiff's petition, *held,* that errors in the admission of evidence under said count were thereby cured.

2. **Statute of Frauds**: AGREEMENT TO SELL GROWING GRAIN. An
agreement to sell growing grain, the property of the vendor, but upon
which money and labor must be expended to harvest it, and to put it
in merchantable condition, is not such an agreement as is taken out
of the operation of the Statute of Frauds by section 3665 of the
Code, providing that such statute shall not apply "when the article of
personal property sold is not, at the time of the contract, owned by
the vendor, and ready for delivery, but labor, skill or money are nec-
essarily to be expended in producing or procuring the same."

*Appeal from Calhoun District Court.*—HON. CHARLES
D. GOLDSMITH, Judge.

THURSDAY, OCTOBER 20, 1892.

ACTION for damages for the nondelivery of grain.
There was a verdict and judgment for the plaintiff,
and the defendant appeals.—*Reversed.*

*M. R. McCrary* and *J. B. McCrary*, for appellant.

If the labor, skill and money to be expended are the
essence of the oral contract and are a part of the thing
sold and bought, then it comes under the exception
mentioned in section 3665 of the Code of Iowa, even
if no part of the purchase price has been paid and no
part of the property delivered, and not otherwise. That
is to say, if the labor and the skill and the money
expended are called into existence and are done by
virtue of the oral contract, and would not have been
done or the money expended had the contract never
been made, is the only true rule that courts can apply
in the exception to keep the statute of frauds pure
and have them serve the object for which they were
called into existence. See Benjamin on Sales [Cor-
bin's Ed.], 97, 98, 110; *Bennett v. Nye,* 4 G. Greene,
410; *Partridge v. Wilsey,* 8 Iowa, 459; *Brown v. Allen,*
35 Iowa, 306.

*J. C. Kerr,* for appellee.

Under the English statute contracts falling within
the statute are void. Our statute is simply one of evi-

dence. The only manner in which the question could be raised in an English court is to aver in the petition that the thing sued for is work or labor or skill. The English statute contained no such exception as is contained in section 3665 of the Code. In England the question seems always to be: What is sold, a chattel or the work, labor or skill to produce it? If it was a chattel sold when no part of the price was paid and under an oral contract, then the sale was within the statute. If it was work, labor or skill sold, then an action for work, etc., would lie, and would not of course be within the statute. As to the English statute itself and the theory of the English courts thereof, see 1 Benjamin on Sales [Am. Ed. by C. L. Corbin], pp. 109–128. Under the exception to the Iowa statute of frauds the thing sold must be owned by the vendor and ready for delivery to bring the contract of sale within the statute of frauds. But if labor, skill or money are necessarily expended in producing or procuring the same, the statute does not apply. *Bennett v. Nye*, 4 G. Greene, 410, cited by appellant, supports our view exactly.

KINNE, J.—The plaintiff claims that on July 20, 1890, he orally contracted with the defendant to deliver to him (the plaintiff), at his elevator in Lake City, Iowa, one thousand, five hundred bushels of oats, of the crop of 1890, then raised and unthreshed, at the agreed price of eighteen cents per bushel; that the defendant has refused to perform his contract; that he has sustained damages in the sum of three hundred and fifty dollars. To this petition a demurrer was sustained, on the ground that the alleged contract was within the statute of frauds. Afterwards the petition was amended by alleging that the grain thus contracted to be sold in 1890 was raised that year by the defendant, and was on July 20, 1890, unthreshed; that said oats were to be delivered in a merchantable condition;

and, that, in order to thresh· and put them in merchantable condition, it was necessary to expend work and labor, skill and money, on said oats; that the plaintiff relies on the evidence of the defendant to establish said contract.   In a second count it is averred that on July 20, 1890, the defendant contracted with the plaintiff to deliver to him, at his elevator in Lake ·City one thousand, five hundred bushels of oats, then growing or grown in Calhoun county, Iowa, and then the property of the defendant, at the agreed price of eighteen cents per bushel; that they were to be delivered to the plaintiff in merchantable condition, and that money had to be expended, and work and labor expended, thereon, in order to place said oats in such ·condition, and deliver them to the plaintiff, on or before September 30, 1890; that the defendant had refused and neglected to deliver any part of said oats; that the market price of oats in Lake City at the time agreed ·upon for delivery was forty cents per bushel.  Judgment was asked for three hundred and fifty dollars.

The defendant, in substance, denies the allegations in the first count of the plaintiff's petition, and as to the second count he says the pretended contract is within the statute of frauds, because the contract was not in writing, no part of the purchase price paid, and no part of the grain delivered.   That said grain was owned and possessed by the defendant at the time of the pretended contract.  The case was tried to a jury, who returned a verdict for the plaintiff for one hundred and ninety-five dollars, on which judgment was entered.

I. Our statute reads that, except when otherwise provided, no evidence of a contract in relation to the 1. EVIDENCE: error cured by instructions to jury. sale of personal property, when no part of the property is delivered, and no part of the price is paid, is competent, unless it be in writing and signed by the party charged, or by his lawfully authorized agent.  Code, sections 3663,

3664. It is also provided that the provisions quoted shall not "prevent the party himself against whom the unwritten contract is sought to be enforced from being called as a witness by the opposite party, nor his oral testimony from being evidence." *Id.*, section 3667. We have held that, while our statute provides that no evidence of any such contract is competent, and the language of the English statute is, "no action shall be brought," the effect is the same in both cases. *West-heimer v. Peacock*, 2 Iowa, 531. The defendant was put on the stand as a witness for the plaintiff under the statute, and the appellant complains that the court also permitted the plaintiff to introduce other witnesses to establish the contract. It is the settled rule in this state that, where the adverse party is called as a witness under such circumstances, the plaintiff must establish the contract by his testimony alone, and the evidence of other witnesses cannot be received to contradict or explain it, or supply omissions in it. *Auter v. Miller*, 18 Iowa, 411. Nor can he introduce other evidence to contradict or impeach that of the defendant. *Hunt v. Coe*, 15 Iowa, 198; *Thorn v. Moore*, 21 Iowa, 285. Hence, if this was a case within the statute, the admission of testimony, other than that of the defendant, to establish the contract, was error. The error, if any, however, was cured by the third instruction of the court, in which the jury are told to give the cause of action set out in the plaintiff's first count no consideration, as the defendant's evidence was not sufficient to establish the contract therein set out. Kinne, Pleading and Practice, section 535, and cases cited.

II. This case squarely raises the question as to whether a sale of growing grain to be delivered in marketable condition,—harvested and threshed,—when no part thereof is delivered, and none of the purchase price is paid, can be taken out of the operation of our statute

2. STATUTE OF frauds: agreement to sell growing grain.

of frauds by virtue of the exception that the provisions of the statute shall not apply "when the article of personal property sold is not, at the time of the contract, owned by the vendor, and ready for delivery, but labor, skill, or money are necessarily to be expended in producing or procuring the same." Code, section 3665. It may be conceded that there are authorities holding that a sale of such property, under such circumstances, is not within the statute of frauds, but we think such is not the correct rule. The authorities in our own state throw very little light on this question. It was held in *Partridge v. Wilsey* 8 Iowa, 459, that, in case of a sale of personal property, the fact that the goods were to be shipped from New York city to Keokuk at an expense did not take it out from the operation of the statute. In *Bennett v. Nye*, 4 G. Greene, 410, the facts stated are so meager as to make it of little force as a precedent. It does not appear in that case whether the hogs sold were owned by the defendant, or even in existence, at the time of making the contract. The word "producing," under the statute, means "giving being or form to," "manufacturing," "making;" and "procuring" means "bringing into possession," "obtaining." Webster's Dictionary. Hence the labor, skill, or money necessarily expended for "producing or procuring" the article must be in giving it being or form, manufacturing or making it, or in bringing the article into possession, as by purchasing it, and the like.

Clearly, it seems to us, it cannot be said, within the scope of these definitions and the meaning of the words as used in the statute, that the defendant, by harvesting, threshing, and hauling to market his oats, is bestowing labor, skill and money in either "producing or procuring" the oats. He expended no labor, skill or money by virtue of the contract that he would not have done if the contract had never existed. The

grain existed at the time of the making of the contract, in the identical form in which it would finally be sold. True, it must be harvested and separated from the straw and chaff. So the grain was not produced by the defendant at all, nor did he procure it. He had the oats, but, to put them in proper shape for market, he must cut, thresh and haul them. All this he would have done at his own instance, even if he had never heard of the plaintiff. This labor, skill and money, then, was not expended specially at the instance of the plaintiff.

The acts relied upon to take this case out from under the provision of the statute, and bring it within the exception heretofore quoted, are acts only which naturally and necessarily were a part of the plaintiff's business and avocation. His care of these oats was not in any way affected by the contract of sale. His situation in that respect may be likened to a manufacturer who contracts to sell to one certain goods, being of the kind and character he manufactures for his trade generally. In such a case, as the manufacturer produces the goods in the usual course of his business, the contract would be one of sale, not for the bestowal of work and labor. *Pratt v. Miller*, 18 S. W. Rep. (Mo.) 965; *Goddard v. Binney*, 115 Mass. 450. A material inquiry in the case at bar is, as we have indicated, as to whether the defendant, in order to comply with his contract, would be compelled to change his condition, business or manner of doing his regular business. The necessity for harvesting, threshing and hauling his grain existed regardless of the alleged contract. *O'Neil v. Mining Co.*, 3 Nev. 141; *Lumber Co., v. Guttshall*, 3 Colo. 14.

Another proposition may be stated here, that, in order to take a contract for the sale of personal property out of the statute on the ground that labor, skill and money are necessary to be expended in producing or-

procuring it, it must appear that the contract was essentially one calling for special skill, labor or workmanship. *Meincke v. Falk*, 55 Wis. 427. Such, as we have seen, was not the case at bar.

In cases like this, we think the true rule is, if the grain is sold and no part of it delivered, and no part of the price is paid, and the contract is not in writing, and the labor, skill and money which is necessary to be expended upon it, to fit it for market, is such only as, in the ordinary course of the defendant's business, he would be compelled to expend upon it, or devote to it, in order to preserve and care for it as a good husbandman, the case is purely a sale, and comes within the statute. It may be if the defendant had contracted to plant or raise a crop of such a character or kind as required special skill, labor or work, other than that required in the ordinary performance of his labors incident to raising and harvesting his crops, and such special skill and labor was contemplated at the time the contract was made, and was to be bestowed at the instance of and for the benefit of the plaintiff, that the case would be within the exception provided in our our statute.

A brief review of a few cases which support the rule above laid down may better illustrate its application. Baker on Sales, section 54. Chief Justice SHAW held that when a contract is for an article then existing, or such an article as the vendor "usually has for sale in the course of his business, the statute applied." *Mixer v. Howarth*, 21 Pick. 205. In the same case, HARRIS, J., expressed the opinion that, if the work and labor required to be done, in order to fit the subject-matter of the contract for delivery, was to be done for the vendor, the case would be within the statute. STORY, J., said "that where the subject-matter of the contract was not to be created by manufacture, but, being already in existence, was merely to

be subjected to certain labor for the purpose of render-
ing it deliverable, or perhaps even of changing its
character, the contract would be within the statute of
frauds, it being essentially a contract of sale.''  Story
on Sales [Perkins' Ed.], sections 260–260b. In other
words, if the labor and service were wholly incidental
to a subject-matter *in esse*, the statute applied.  *Id.*,
section 260c.

The rule is thus stated in a late Massachusetts
case: ''A contract for the sale of articles then existing,
or such as the vendor, in the ordinary course of
business, manufactures or procures for the general
market, whether on hand or not, is a contract for the
sale of goods, to which the statute applies.  But, on
the other hand, if the goods are to be manufactured
especially for the purchaser, and upon his special
order, and not for the general market, the case is not
within the statute.''  *Goddard v. Binney,* 115 Mass.
450.  In *O'Neil v. Mining Co.*, 3 Nev. 141, the court,
virtually following the rule laid down in Massachusetts,
held that, to make the case one for work and labor,
the contract should contemplate or require some
change in the condition, business, or circumstances of
the vendor.  In *Downs v. Ross,* 23 Wend. 270, the
contract was for the purchase of wheat, only a part of
which was threshed, and that which had been threshed
was to be further cleaned.  It was held that the case
was one of sale, not for work and labor.  The court
said: ''If the thing sold exist at the time *in solido*, the
mere fact that the seller is to do something to put it in
a marketable condition did not take the contract out
of the operation of the statute of frauds.''  *Cooke v.
Millard,* 5 Lans. 246; Baker on Sales, sections 30, 43.
In *Gilman v. Hill,* 36 N. H. 311, it was held that a
contract for sheep pelts, to be taken from sheep, was a
contract of sale.  So a contract for the purchase of all
the flax straw to be raised from forty-five bushels of

flaxseed, and to be "delivered in a dry condition, free from grass, weeds, and all foreign substances," was held a contract of sale, not for work, labor, or skill, in producing the straw. *Brown v. Sanborn*, 21 Minn. 402. When wheat was sold to be delivered at a certain mill, and there was a conflict in the evidence as to whether all of it was threshed prior to the time of making the contract, and the court refused to instruct the jury that the wheat existing *in solido* at the time the contract was made, and not having to be raised or manufactured, though unthreshed, it was a contract within the statute of frauds, and the plaintiff could not recover, the case was reversed for the refusal to give the instruction. The court adhered to the doctrine that a contract for the sale of goods which may not at the time of such contract be actually made, procured, or provided, or fit or ready for delivery, or some act may be requisite for the making or completing thereof, or rendering the same fit for delivery, is within the statute. *Hardell v. McClure*, 2 Pin. 289, 1 Chand. (Wis.) 271. In a cause decided in 1882, this same court approved the holding in *Hardell v. McClure*, and, in referring to the contract in that case, says: "It was clearly not a contract for special labor in manufacturing anything, but a contract to sell and deliver a certain quantity of wheat." *Meincke v. Falk*, 55 Wis. 437, 13 N. W. Rep. 545. See *Clark v. Nichols*, 107 Mass. 547. A contract for the sale of the whole of a crop of cotton for a certain year, to be delivered at a certain price per pound, as soon as it could be gathered and prepared for market, was held within the statute. *Cason v. Cheely*, 6 Ga. 554. The rule we have announced as applicable to the case at bar also finds support in the following cases: *Spencer v. Cone*, 1 Metc. (Mass.) 283; *Lamb v. Crafts*, 12 Metc. (Mass.) 353; *Gardner v. Joy*, 9 Metc. (Mass.) 177; *Prescott v. Locke*, 51 N. H. 94; *Atwater v. Hough*, 29 Conn. 508;

*Finney v. Apgar,* 31 N. J. Law, 266; *Edwards v. Railway Co.,* 48 Me. 379, and 54 Me. 105; *Sawyer v. Ware,* 36 Ala. 675; *Bird v. Muhlinbrink,* 1 Rich. Law, 199.

The evidence in this case shows without conflict that the defendant expended no work, labor, skill, or money on the oats, other than he would have done if there had been no contract of sale. The case, then, is one clearly within our statute. The contract not being in writing, no part of the price having been paid, none of the oats having been delivered, no evidence of the contract was properly receivable. For a review of the cases in England and in this country, reference is had to Benjamin on Sales [Bennett's Ed. 1892], sections 90–110, and American note following.

Several other errors are assigned. They need not be considered, inasmuch as in no event can the plaintiff recover under the contract pleaded. The motion to dismiss appeal and affirm the judgment below, is overruled. For the reasons given, the cause is REVERSED.