ALBERT WISEMAN v. FRED THOMPSON AND T. L. MILES,
                        Appellants.

| 94 | 607 |
| 111 | 427 |
| 94 | 607. |
| 121 | 120. |

**Builder's Risk.** One who agrees to forfeit his pay unless he furnish
a well sufficient for stated purposes, must suffer any injury to the
well caused by testing whether it complies with the contract,
when such damage is not due to the fault of either party to the
contract.

**Pleading: WAIVER.** Where a petition shows on its face that parol is
relied on to vary a writing, a failure to attack the petition is a
waiver of the rule of evidence involved.

**SAME.** Where a petition does not aver that a contract within the
statute of frauds is in writing, or some fact that takes it out of
the statute, the petition must be attacked by demurrer and it is
not sufficient that the answer defends with the statute.

*Appeal from Calhoun District Court.*—HON. GEORGE W.
                        PAINE, Judge.

                MONDAY, MAY 20, 1895.

    The parties entered into an oral agreement,
whereby the defendants were to drill and case for the
plaintiff a well for the agreed price of one dollar and
twenty cents a foot for the first one hundred feet, and
twenty-five cents per foot additional after that depth.
The well was drilled to a depth of one hundred and
twenty feet, for which the plaintiff gave his note for
one hundred and forty-nine dollars. The note was
transferred to a third party, and afterward paid by the
plaintiff, and this action is to recover from the defend-
ants the amount represented by said note on substan-
tially the following averments: That the well, when

drilled, was to be a first-class stock well; that, after drilling to the depth aforesaid, and before the well could be properly tested, defendants asked for the note, in order that they might realize money, by the sale of it, for their immediate use; that it was expressly understood, when the note was made, that unless plenty of water was found defendants would protect plaintiff from liability on the note; and that thereafter, on proper tests, the well proved to be worthless. The answer is a denial of the averments as to a conditional liability of the plaintiff for the note, and it contains averments that the note was given in full settlement and acceptance of the well by the plaintiff. By way of counterclaim it is averred in the answer that, after the giving of the note, the plaintiff, by the use of explosives, destroyed the casing in the well, so as to render it useless; that, after such injury, the defendants, at the request of plaintiff, and without knowledge of such injury, expended work and money to bore said well deeper, and to clear and draw the casing therefrom, and in boring and casing another well, for which judgment is asked in the sum of one hundred and fifty-two dollars and seventy-five cents. A reply was filed, and a trial to a jury had, resulting in a verdict and judgment for plaintiff, from which the defendants appealed. —*Affirmed.*

*M. R. & J. B. McCrary* for appellants.

*M. E. Hutchinson* for appellee.

Granger, J.—I. It is urged that testimony to show the facts under which it is averred that the note was delivered, or, in other words, to "show the conditions of the pretended original agreement," could not be used. The thought is that such testimony, and the

facts, if established, contradict the terms of the note, in violation of the general rule as to parol evidence to vary or contradict a written instrument. Without saying that the rule sought to be applied has application to this case, it is enough to say that the objection came too late. The petition, on its face, plainly shows the facts upon which a recovery was sought, and the objection now urged could have been taken advantage of by demurrer, if valid. By a failure to in that manner urge the objection, it is waived. There was no motion in arrest of judgment. See, as fully sustaining the holding, *Brockert v. Railway Co.*, 82 Iowa, 369; *Linden v. Green*, 81 Iowa, 365; *Dunn v. Wolf*, 81 Iowa, 688.

II. It is also urged that the case is within the statute of frauds, in that the facts pleaded show that defendants assumed thereby to answer for the debt of plaintiff. Conceding, without so holding, that the conclusion is correct, the same rule is to be applied as to the admissibility of parol evidence, for the facts as to the undertaking are all apparent on the face of the petition. If, as claimed, the contract pleaded by plaintiff is within the statute of frauds, it was his duty to aver facts necessary to take it out of the statute, or his pleading is demurrable. This rule obtained in *Burden v. Knight*, 82 Iowa, 584. See, also, *Babcock v. Meek*, 45 Iowa, 137. The sufficiency of the petition was not questioned in this case, but the defendant pleaded the statute of frauds in his answer. If the defect was not apparent on the face of the petition, advantage could be taken of it by answer. Code, section 2650. But, where the defect is apparent on the face of the petition, the objection is to be taken by demurrer, and not by answer. It is especially provided that, when a petition fails to show that a claim

is evidenced by writing where it should be, it is demurrable. Code, section 2648, subdivision 6. If there was an advantage because of the statute of frauds, it was waived, and the facts pleaded are to be treated as sufficient. The proof need only conform to the allegations of the petition. *Dunn v. Wolf, supra; Mann v. Taylor,* 78 Iowa, 355.

III. The evidence as to the well being injured by explosives was to the effect that neither party did it, if it was done. The court said to the jury that, if it was done by plaintiff, he could not complain of defendants for not completing the well; if done by defendants, it was at their own risk; and, if done by some stranger, without the knowledge of either party, the loss must be borne by defendants. Of the instruction as to the loss, if done by a stranger, defendants complain. It is to be assumed from the record that the undertaking by defendants was to make a good well,—one that, by a proper test, would prove good. No question is made of the good faith or proper care in making the test, outside of the use of explosives. If neither party was at fault for their use, then it becomes a question, at whose risk was the well during the period of making the test? The making of the test was really a part of the work to be done to fix the liability of the plaintiff for the well. Until the test was made, it was not ready for acceptance. Defendants took upon themselves the responsibility of furnishing a well or not receiving pay for their work. They assumed the chances of what might be encountered in accomplishing the result. If, while they were at work, such an injury had been done by some stranger, there could be no question as to which of the parties must bear the burden of it, and we think the same rule applied during the period of making the test of it, provided that the work of making the well was not com-

plete, as was the case here, for the jury must have so found. It seems to us that the defendants assumed all such risks between the commencement and completion of the well so as to be ready for acceptance.

There is a question as to the admissibility of some evidence that could in no way affect the result, and, in any event, there is no prejudice.—*Affirmed.*