J. W. JOHNSON, Appellant, v. L. L. HOLLAND, Appellee.

Statute of frauds: SALE OF PERSONALTY: DIRECTED VERDICT. It is not
1  error to direct a verdict for defendant on one count of a petition, where the rights alleged are identical with those claimed in another count.

Statute of frauds: EXCEPTION: EVIDENCE. In an action for damages
2  for a breach of an oral contract for the sale of personalty where the statute of frauds was pleaded as a defense, the evidence is examined and held insufficient to bring the case within either of the exceptions to the rule that such a contract must be in writing, as contained in Code, sections 4626 and 4628.

*Appeal from Benton District Court.*— HON. G. W. BURN-HAM, Judge.

MONDAY, MAY 9, 1904.

ACTION to recover damages on account of a breach of contract for the sale of personal property. The petition of plaintiff is in five counts. In the first it is alleged that on July 22, 1901, an oral agreement was entered into between plaintiff and defendant, by the terms of which the latter sold to the former all the ear corn on the stalk and standing on a certain tract of land in Benton county (describing it), at and for the sum of $6 per acre; the exact acreage of the corn to be ascertained within a reasonable time by measurement. Plaintiff alleges that, in consideration thereof, he orally agreed to pay said sum per acre, and to gather the corn between October 15th and December 1st; that he has been at

all times ready and willing to carry out said contract, by measuring the ground, and at the proper season to gather the corn; and that he has, in writing, tendered payment therefor. Then follows an allegation to the effect that defendant refuses to carry out said contract, to the damage of plaintiff in the sum named. Plaintiff says he expects to and will establish the contract alleged by the oral evidence of defendant. The facts alleged in the second count do not differ from those alleged in the first count in any material sense, save that therein it is said that the oral agreement between the parties was that plaintiff should pay defendant for the field of corn at the rate of $6 per acre; that, in consideration of such agreement, defendant orally agreed to sell, etc. The same averment is made with respect to making proof of the contract as in the first count. Damages are claimed in the amount named in the first count. In the third count the oral contract referred to in the first count is alleged, and it is then said that, at the time of making such contract, defendant was not the owner of the corn in question, nor was the same ready for delivery; " that money was necessarily to be expended in procuring the same by defendant." Allegations follow as to the breach of the contract and damages sustained substantially as in the first count. In the fourth count it is alleged that on the date named there was standing on the land in question about one hundred and twenty-five acres of corn; that defendant, who was not the owner of such corn, and did not have the same ready for delivery, but was necessarily required to expend money in procuring the same, orally contracted to sell the same to plaintiff. Other allegations follow as in the preceding count. In the fifth count, ownership of the field of corn in plaintiff, and a conversion of such corn by defendant, are alleged.

The answer denies generally all the allegations of the petition, pleads the statute of frauds, and avers that any talk between the parties with respect to a sale of the field of corn in question was in levity and jest, and without intention to

make or close a contract. Trial proceeded to a jury, and plaintiff offered the oral evidence of various witnesses — the defendant being the last one called — with reference to the ownership by defendant of the field of corn, and respecting the contract alleged. Proper objection to all such evidence was made by defendant at the time offered. At the close of the evidence for plaintiff, defendant moved to strike from the record the evidence given by each of the witnesses relating to the ownership of the corn, and to the contract alleged, save that given by himself, for the reason that, taking all the evidence in the case, the same was insufficient to bring the case within any of the exceptions to the statute of frauds. This motion was sustained. Thereupon the defendant moved for a directed verdict in his favor, on the first and second counts, for the reason that the evidence given by plaintiff was not sufficient to warrant a finding that a contract had been made as alleged; on the third and fourth counts, for the reason that there was no evidence to warrant a finding that a contract as therein alleged was made; on the fifth count, for the reason that there was no evidence that the corn in question was ever owned by plaintiff, and hence there could have been no conversion thereof by defendant. This motion was sustained as to all counts of the petition except the first. The defendant introduced no evidence, and the case was submitted to the jury upon the issues under the first count, resulting in a verdict in favor of defendant. There was judgment against plaintiff for costs, and he appeals.— *Affirmed.*

*Gilchrist, Whipple & Brown* and *Cato Sells,* for appellant.

*B. L. Wick* and *C. Nichols,* for appellee.

BISHOP, J.—It is provided in our statute of frauds, so called (Code, section 4625), that, except when otherwise especially provided, no evidence of a contract relating to the sale of personal property, when no part of the property is de-

livered and no part of the price is paid, is competent, unless it be in writing, and signed by the party charged, or by his authorized agent. Sections 4626 and 4628 provide for exceptions to the general rule; the former, to the effect that oral evidence is admissible when the article of personal property sold is not at the time of the contract owned by the vendor and ready for delivery, but labor, skill, or money is necessarily to be expended in producing or procuring the same; the latter, to the effect that the oral evidence of the maker against whom an unwritten contract is sought to be enforced shall be competent to establish the same.

Having in mind these provisions of the statute, we may now give consideration to the questions made by counsel for appellant in argument. First, as to the rulings on the motions to strike evidence and to direct a verdict, and these may be considered together. As to the second count, plaintiff was not prejudiced by the rulings made, as we think, for the reason that the rights claimed in said count were identical in all material respects with the rights claimed in the first count. If anything, there was a contract by the terms of which one party agreed to sell and the other agreed to buy, and it could. make no difference in the rights of the parties which had precedence — the offer to buy or the offer to sell.

1. DIRECTED VERDICT.

As to the third and fourth counts, it is manifest that, in the absence of proof that defendant was not the owner of the corn, plaintiff could have no right of recovery, as in such event the case would fall squarely within the statute. Does the evidence warrant a finding to the effect that defendant was not the owner of the corn? That defendant owned, resided upon, and operated the farm on which the crop of corn was growing, was not questioned. Notwithstanding this, the evident theory upon which plaintiff proceeded was that L. B. Holland, son of defendant, was the owner of one-half the crop. To prove this, he called said L. B. Holland as a wit-

2. STATUTE OF FRAUDS: exceptions; evidence.

ness, who testified, in substance, that he had always lived at home with his father; that in the spring of 1901 he married; and that he then told his father that he might not stay at home for the summer, whereupon he says his father " asked me to stay, and he said he would give me a good thing.    I said, 'All right.' "    He then says that later on — at what time it does not appear — he asked his father what he meant by a " good thing," to which the father replied that he would give him half the corn crop, some cattle, hogs, horses, machinery, etc. Certainly there can be no warrant for construing such an arrangement into the transfer of ownership in property as of the time when made.    At best, it was simply an agreement to compensate the son for his labor if he would remain at home and labor upon the farm.    The statement subsequently made by the father by way of defining what he considered " a good thing," in our view, must be accepted as declaratory merely of the intention of the father for the future.    It amounted to no more than a conditional promise — contingent upon the conduct of his son — to make a generous reward for services to be rendered, with perhaps a marriage portion added.

Plaintiff also called the defendant as a witness, and we think it must be said that the effect of his testimony was to establish his full ownership of the corn as of the time of the alleged contract of sale.    The only other evidence bearing on the issue was to the effect that defendant had on several occasions declared that he was not the owner of the corn.    Plaintiff, as a witness, testified that when, in October following, he demanded a delivery of the corn, defendant replied that he was only jesting at the time of the talk about a sale; that he did not own the corn and would not pay damages.    On his direct examination, plaintiff says that the statement testified to by him had relation to the ownership as of the time when such statement was made.    On cross-examination he was unable to make answer as to the words used — whether of the present or the past tense.    A want of owner-

ship in the corn as of the time of the contract was the issue, and certainly the evidence as given by plaintiff could not be accepted as determinative of such issue. Moreover, the record makes it apparent that whatever statement was made by defendant had relation to his arrangement with his son, and this, as we have seen, did not involve any change in ownership. Other witnesses were called by plaintiff who testified that, after the controversy arose over the alleged sale to plaintiff, defendant had stated in their hearing that he owned only one-half the corn crop. As in the case of the statement testified to by plaintiff, it is also apparent that in each instance these statements had reference to the arrangement between defendant and his son. Plaintiff had proven that such arrangement did not amount to a change of ownership in the crop of corn, and certainly he could not be permitted to overcome the positive evidence thus furnished by him by simply showing that defendant had made statements at variance therewith in the course of random conversations had with third persons who were in no sense interested in the subject-matter. Without difficulty, therefore, we reach the conclusion that the court did not err in holding that a case coming within the exception to the statute had not been made out, and therefore that the motion to strike should be sustained. It follows, of necessity, that, there being no evidence upon which to predicate a finding favorable to plaintiff as to the third and fourth counts, the court did not err in directing a verdict as to such counts.

So, too, we think there was no error in directing a verdict as to the fifth count of the petition. It was made to appear clearly that the cause of action sounding in tort therein pleaded was based upon the same state of facts as were relied upon to support the averments of contract breach and resulting damage set forth in the first count. All the evidence introduced was addressed to the fact allegations contained in the first count, and there was no attempt made to prove that plain-

tiff had been damaged by a wrongful conversion of the property.

Complaint is made respecting several of the instructions given to the jury in submitting the issue under the first count of the petition. We have examined each of such instructions, and we think it sufficient to say, without entering upon any extended discussion, that we find no prejudicial error.

The verdict as rendered had support in the evidence, and our conclusion is that the judgment was right, and it is AFFIRMED.