CLINTON SUGAR REFINING COMPANY, Appellant, v. W. W. HORRAS, Appellee.

PLEADING: Demurrer—Grounds—Statute of Frauds. A demurrer
1    will lie to a pleading which seeks recovery on a contract within the
statute of frauds (Sec. 3561, Par. 6, Code, 1897), even though such
demurrer admits the contract (for the purpose of the pleading),
and even though the contracts within the statute of frauds but
not denied in the pleadings may be enforced. (Sec. 4627, Code,
1897.)

FRAUDS, STATUTE OF:    Sale of Personal Property—Property
2    Not Owned by Vendor—Expenditure in Procuring. An oral con-
tract for the sale of corn which at the time is not owned by the
vendor, and for which he has no outstanding contracts, and which
he must buy wherever he can, is not within the statute of frauds.

WEAVER, J., dissents.

*Appeal from Dallas District Court.*—W. H. FAHEY, Judge.

THURSDAY, JUNE 29, 1916.

THIS is a suit upon an oral contract for the sale of corn. Defendant's demurrer to the petition was sustained and the petition dismissed, and judgment rendered against plaintiff for costs. The plaintiff appeals.—*Reversed* and *Remanded*.

*Read & Read,* for appellant.

*White & Clarke,* for appellee.

PRESTON, J.—Plaintiff, appellant, is a corporation located at Clinton, Iowa, and engaged in the business of milling corn and manufacturing corn products. It is alleged in the petition that, about the 6th of June, 1913, the plaintiff, through an agent named Morgan, entered into an oral contract with

the defendant, who resides at Woodward, Iowa, whereby plaintiff agreed to pay defendant 59¼ cents per bushel for 10,000 bushels of a certain grade of corn, described as No. 3 Yellow, or, if the corn was plain No. 3, the price was to be 59 cents, net, on the track in Chicago; and it is alleged that defendant did not have any of the corn which he thus contracted to deliver, but was to buy the same from farmers in the vicinity at whatever price he was able to get it, and in turn, to sell the same to plaintiff. The defendant agreed to sell 10,000 bushels of corn to plaintiff on the terms as aforesaid. Thereafter, defendant reported to plaintiff's agent that he was unable to get any such corn and could not fulfill his contract within the time set for delivery, and asked an extension of time, which was granted. Defendant failed to ship any of the corn. Rather than to shut down its mills, plaintiff purchased 10,000 bushels of No. 3 corn on the open market and was compelled to pay the market price therefor—77 cents per bushel; so that the net loss to plaintiff was $1,800. Plaintiff also alleges that defendant did not own or have contracted for delivery the corn which the defendant agreed to procure and sell to plaintiff, but that defendant was to purchase the corn from farmers, in order to fulfill his contract with the plaintiff. The defendant demurred to the petition, on the ground that the plaintiff is seeking to recover damages for breach of the oral contract for the sale and delivery of personal property, and that no part of the property was delivered or any part of the alleged purchase price paid; that, therefore, the contract was within the statute of frauds. As before stated, the demurrer was sustained. By demurring, the defendant admits the facts well pleaded in the petition. The contract is therefore admitted, and it is admitted that defendant did not own or have contracted for delivery the corn which he had agreed to sell to plaintiff.

1. The first question presented is as to whether, under the circumstances of this case, a demurrer to the petition will

lie. It is contended by appellant that the demurrer should not have been sustained, in view of Section 4627, Code, 1897; that the contract sued upon is not denied in the pleadings, but is admitted by the demurrer, and that, therefore, the statue of frauds is inapplicable, by reason of the section of the statute just referred to. That statute reads:

1. PLEADING: demurrer: grounds: statute of frauds.

"The above regulations, relating merely to the proof of contracts, shall not prevent the enforcement of those not denied in the pleadings, except in cases when the contract is sought to be enforced, or damages recovered for the breach thereof, against some person other than him who made it."

The question now presented seems to have been determined in *Babcock v. Meek*, 45 Iowa 137. Section 4627, which was then Section 3666 of the Code of 1873, and other sections of the Code of 1873 corresponding with Sections 4625, 4627, 4628 and 3561, were construed in the *Babcock* case, and the holding was against the contention of appellant on this point. This case has been followed in a number of cases since then. See *Wiseman v. Thompson*, 94 Iowa 607; *Burden v. Knight*, 82 Iowa 584, 586; *Graves v. Clark*, 101 Iowa 738, 742; *Marr v. Burlington, C. R. & N. R. Co.*, 121 Iowa 117. And, as having some bearing, see *Cahill v. Illinois Cent. R. Co.*, 137 Iowa 577, 581; 20 Cyc. 311 to 315.

We think that, under the authorities, a demurrer to the petition will lie where, on the face thereof, it shows that the cause of action is barred by the statute of limitations; or that the petition fails to show the contract to be in writing where it should be so evidenced. Section 3561, Par. 6, Code, 1897.

2. We then come back to the question as to whether the contract alleged in the petition, which is admitted by the demurrer, is within the statute of frauds. It is contended for appellee that the contract sued on is one in relation to the sale of personal property, and is clearly within the provisions of Section 4625, Sub. 1, of

2. FRAUDS, STATUTE OF: sale of personal property: property not owned by vendor: expenditure in procuring.

the Code; but appellant insists that appellee overlooks or ignores Section 4626 of the Code, and the allegation in the petition that, at the time of entering into the oral contract with defendant, the defendant did not own or have contracted the corn purchased of the defendant by this plaintiff under said contract, but that the defendant was to purchase said corn from the farmers at whatsoever price he was able, and, in turn, to sell the same to this plaintiff. Appellees say that the contracts to which the first exception in Section 4626 of the Code applies are not contracts for the sale of merchandise at all, but are contracts for the performance of work and labor. But we think this would be too narrow a construction of the language used. They also say that, if the contract involved in any case is a contract for the sale of merchandise, it makes no difference whether the merchandise is owned by the contracting vendor or not; but, if the contract is a contract for the sale of chattels pure and simple, that it makes no difference whether the chattels to which the contract relates are owned by the contracting vendor or are in his possession or not,—that it does not alter the nature of the contract. Appellee cites 20 Cyc. 241, 242; 29 Am. & Eng. Encyc. of Law (2d Ed.) 963, et seq.; Pitkin v. Noyes (N. H.), 97 Am. Dec. 615; Crookshank v. Burrell (N. Y.), 9 Am. Dec. 187; Dierson v. Petersmeyer, 109 Iowa 233, 234; Johnson v. Holland, 124 Iowa 157. But it is conceded by counsel, as we understand it, that none of these cases are precisely in point, and in fact there is no case so in point.

It is appellant's contention that where, at the time of making the contract, the article of personal property contracted to be sold is not owned by the vendor and ready for delivery, and the vendor must necessarily expend labor, skill or money in producing or procuring the personal property concerning which the contract is made, then the first subdivision of Section 4625, Code, 1897, does not apply, and the contract is not within the statute. And they cite in support of their proposition Brown v. Allen, 35 Iowa 306, 310; Mighell

*v. Dougherty,* 86 Iowa 480; *Lewis v. Evans,* 108 Iowa 296. And they also cite Section 4626 of the Code. Counsel say that, so far as they are able to find, no other state has such a statute or law as Section 4626 of our Code—that is, in so far as said section provides that, where money is necessarily to be expended in producing or procuring the property sold, the statute of frauds does not apply; that in other states and in England, the authorities hold that the matter turns upon the question of whether or not the contract was essentially a contract for the sale of personal property, or whether the essence of the contract was the doing of the work or labor which was to be expended. Section 4626, or so much of it as applies, reads:

"The provisions of the first subdivision of the preceding section do not apply when the article of personal property sold is not at the time of the contract owned by the vendor and ready for delivery, but labor, skill or money is necessarily to be expended in producing or procuring the same."

We think that the legislature intended to cover such a case as the one at bar when it provided that, where money is to be expended in producing or procuring property, the statute of frauds does not apply. It is significant that the words "producing or procuring" are used. Labor is usually expended in producing an article; skill or money are usually expended in procuring it.

In the instant case, defendant admits by the demurrer the making of the contract; admits that he did not at that time have or own the corn which he contracted to deliver; admits that he was to purchase the corn where he could, and, in turn, deliver it to plaintiff. It is not alleged that defendant did in fact purchase any corn; but, had he done so, money would necessarily have had to be expended in procuring it, unless we are to assume that someone was going to make him a gift of it.

Appellant cites *Brown v. Allen,* 35 Iowa 306. At page 310 of that case, the court said:

"The contract alleged in the answer is, in substance, that Allen should from time to time advance money to Bunnell for the purpose of purchasing grain, by the latter, which he did not own at the time of the contract or when the advances were made, but both money and labor were necessarily to be expended in procuring the same, and that Allen should have a lien upon the grain purchased as security for his advances, and a right to take possession of the grain when he deemed it for his interest to do so. The contract is clearly within the exceptions in the statute of frauds, and good and valid between the parties and capable of being enforced without a delivery of the grain to Allen.''

Counsel for appellee concede that the case is correctly decided, but they say that the consideration in that case had passed from Allen to Bunnell. But such was not the fact at the time the contract was made, and the holding is not made to turn upon that fact.

In *Mighell v. Dougherty*, 86 Iowa 480, the plaintiff orally contracted with defendant to deliver to him at his elevator in Lake City, Iowa, 1,500 bushels of oats of the crop of 1890, then raised and unthreshed, at the agreed price of 18 cents per bushel; and the court said that the question was squarely so raised as to whether a sale of growing grain, to be delivered in marketable condition, harvested and threshed, when no part thereof is delivered, and none of the purchase price is paid, can be taken out of the operation of our statute of frauds by virtue of the exception in the statute, now Section 4626, and it was said that the authorities in our own state throw very little light on the question. The holding was that the contract was within the statute, because the defendant, by harvesting and threshing and hauling to market his oats, was not bestowing labor, skill or money in either producing or procuring the oats, and, because he expended no labor, skill or money by virtue of the contract, he would not have done so if the contract had never existed. But at page 485 of that case, we find this significant language:

"The word 'producing,' under the statute, means 'giving being or form to,' 'manufacturing,' 'making;' and 'procuring' means 'bringing into possession,' 'obtaining.' Hence the labor, skill or money necessarily expended for 'producing or procuring' the article must be in giving it being or form, manufacturing or making it, or in bringing the article into possession, as by purchasing it, and the like."

In that case, the court announces the rule that, if the labor, skill and money which are to be expended by the vendor in producing or procuring the property are wholly incidental and only what would have been done by the vendor in the ordinary course of his business and if the contract had never been made, then the contract remains within the statute of frauds; and, at page 490, that fact was made the turning point in the case. We think that, on this point, the instant case is differentiated from the *Mighell* case. The vendor in the instant case had no corn, nor did he own any, nor have any contracted for delivery. His undertaking was to go out and find the corn, buy it and turn it over to the plaintiff at 59 cents per bushel. In order to buy it, he necessarily would have been compelled to expend money which he otherwise would not have spent.

For the reasons given, we are of opinion that the contract alleged in the petition as amended is not within the statute of frauds, but comes within the exception referred to, and that the court was in error in holding otherwise.

The judgment of the district court is, therefore, reversed, and the cause remanded for proceedings in harmony with this opinion.—*Reversed* and *Remanded*.

EVANS, C. J., DEEMER and SALINGER, JJ., concur.

WEAVER, J., dissents.